# SUPREME COURT.

### IN RE KAMAHA *et als.*

WHERE it appeared that the magistrate had competent jurisdiction to try and decide the case, the Court refused to inquire into the legality of the sentence on a writ of habeas corpus, further than as to the power to pass the particu- lar sentence.

Whether a sufficient ground was laid in the information to authorize the Police Magistrate to issue a warrant of arrest outside of his own particular district, can not be inquired into, on a writ of habeas corpus, after conviction and judgment passed, though it might be on a commitment before trial. ·

Irregularities in the proceedings in the lower Court, should be availed of before judgment, or made the ground of an appeal.

In future, before allowing the writ (habeas corpus) to issue, in cases like the present, the Court will adopt the practice of granting a rule to show cause.

Before Justice ROBERTSON, at Chambers.

The petitioners, Kamaha and eight others, procured a writ of habeas corpus to be issued, by my order, upon a petition stating that they are unlawfully confined in the prison of Oahu, by the Marshal, Wm. C. Parke, Esq.

The return of the Marshal is to the effect that the petitioners were committed to prison on the 28th day of January last, in pursuance of orders of commitment from Wm. Ap Jones, Esq., Police and District Justice of Lahaina, which orders set forth that the petitioners had been convicted in said Justice's Court, of the offense of larceny of cattle, for which they were sen- tenced to imprisonment at hard labor for terms varying from nine months to three years.

At the hearing, counsel for the petitioners admitted the truth of the whole return, except that in regard to Kamaha and three others, who are said to have been convicted of two larcenies, and to have received sentence of extra punishment, under Sec. 16, Chap. 16, of the Penal Code, he offered to show by a certi- fied copy of the record of proceedings before the Police Jus- tice that this was not correct. The Court refused to permit any part of the record from the Police Court to be read for that purpose, except the transcript of the judgment. (See case of William Riley, 2 Pickering's Rep., p. 171.) That transcript

is now before me, and upon examination thereof I find it to correspond exactly with the orders of commitment, as returned by the Marshal.

The petitioners are in the position of parties who are imprisoned upon execution, after judgment by a Court of criminal jurisdiction, a Court too which is expressly charged with the enforcement of the law, for a violation of which the prisoners stand incarcerated. (See Act to prevent the Larceny of Animals, Civil Code, page 426.) Such being the case, the question now is, to what extent can a justice of this Court, sitting in chambers, upon a writ of habeas corpus, go behind the return, the truth of which is clear, for the purpose of inquiring into the alleged illegality of any part of the proceedings which led to the imprisonment of the petitioners.

The only statutory provision we have upon the subject is the 855th Section of the Civil Code, which reads as follows : " The several justices of the Supreme Court shall have power at Chambers, upon any sworn application made in writing, to issue writs of habeas corpus for inquiring into the cause of any alleged unlawful imprisonment or restraint, or of *ad testificandum*, and they may enlarge on bail persons rightfully confined, in all bailable cases." We are therefore without any statute, similar to the English and American statutes, for regulating our proceedings upon a writ of habeas corpus, and the exercise of this part of our judicial power has hitherto been left (wisely perhaps), by the Legislature, to the discretion of the Supreme Court, which has a supervisory control over all the Courts of inferior jurisdiction. But this discretion is not a wild or arbitrary discretion. It should be exercised not only with reference to the peculiar condition of this country, but with reference also to the laws and usages of other and more advanced countries. (Civil Code, Section 14.)

Several cases have, from time to time, been brought before the justices of the Supreme Court, on behalf of parties imprisoned under civil process, or restrained of their liberty without process ; and cases have occurred of the analogous proceeding, by motion, where parties were imprisoned as fraudulent debtors. But we are as yet, I believe, without any precedent which can be cited as being in point in the present case. In the case

*In re* Kamaha *et als.*

of M. M. Webster (1 Hawaiian Rep., p. 56), who was committed for contempt by the Police Justice of Honolulu, Lee, C. J., refused to interfere on a writ of habeas corpus, as the commitment appeared to have been made by the Police Justice in a matter within his jurisdiction, and he had not exceeded his authority. In the report of this case mention is made of that of Laumia and Makaukau, who were convicted of adultery before the District Justice of Koolauloa, fined, and sentenced to imprisonment for non-payment of the fine, in which the Superior Court held that the Justice having had competent jurisdiction to try and decide the case, it could not inquire into the legality of the sentence, on a writ of habeas corpus, and that the parties must be left to their remedy by appeal. That case comes nearest to the present of any case which has come up in our Courts heretofore. In Re Marion Landais (1 Hawaiian Rep., p. 199) was a case depending upon international law and the comity of nations ; while the cases of De Flanchet (2 Hawaiian Rep., p. 96) and Charles Kauffman (2 Hawaiian Rep., p. 313) were those of seamen arrested under peculiar treaty stipulations, and not under judicial process.

After having consulted such authorities, both English and American, as are within my reach, I am of the opinion that in a case like the present, any judge in England or the United States would feel bound to remand the petitioners, as a matter of course, after the return was put in, or, probably, upon a petition framed in accordance with the practice of the Courts of those countries, which would necessarily disclose the circumstances under which the petitioners are confined, the judge or Court applied to would refuse to issue a writ of habeas corpus, upon a rule to show cause.

By the Statute of Massachusetts upon this subject, it is declared that, " persons convicted, or in execution upon legal process, civil or criminal," shall not be entitled, as of right, to demand and prosecute the writ of habeas corpus. (Revised Statute of Mass., 1836, p. 655.) By the Statute of New York it is declared that, " persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree," shall not be entitled to

prosecute such writ; and that if it shall appear that the party is detained in custody, "by virtue of the final judgment or decree of any competent Court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree," he shall be remanded. (N. Y. Revised Stat., Vol. 2, pp. 797 and 801.) The provisions of both those statutes are based upon, and closely resemble, the English statutes on the same subject. (See Kent's Com., Vol. 1, pp. 642, 644, and Blackstone's Com., new ed., 1813, Vol. 3, p. 127.) The learned author of Kent's Commentaries says : " If the party be in custody by civil process from a competent power, he may be discharged when the jurisdiction has been exceeded, or the party has become entitled to his discharge, or the process was unduly issued, or was not legally authorized. But no inquiry is to be made into the legality of any process, judgment or decree, or the justice or propriety of the commitment in the case of persons detained under process of the United States, where the Court or officer has exclusive jurisdiction ; nor where the party is detained under the final decree or judgment of a competent Court ; nor where the commitment made by any Court, officer or body, according to law, is for a contempt, and duly charged. The remedy, if the case admits of one, is by *certiorari*, or writ of error." (See also Hill's Rep., Vol. 3, p. 664, notes.)

Bronson, J., in The People *vs.* Cassels, remarked, " A contempt was specially and plainly charged in the commitment, and it was the duty of the judge forthwith to remand the prisoner. The statute expressly forbids an inquiry into the justice or propriety of the commitment in such a case. If there had been no statute, it is clear upon principle, that the judgment or decision of any court or officer of competent jurisdiction cannot be reviewed on *habeas corpus*. If there has been error, the remedy is by *certiorari* or writ of error. When the return states the imprisonment to be by virtue of legal process, the officer may inquire whether in truth there be any process, and whether it appears upon its face to be valid ; and he may also inquire whether any cause has arisen since the commitment for putting an end to the imprisonment, as a pardon, reversal of the judgment, payment of the fine, and the like. But he can not rejudge the judgment of the committing Court or magis-

trate." (5 Hill's Rep., p. 167, and cases there cited.) In the case of the King against John Suddis, (1 East's Rep., p. 306,) the Court of King's Bench seems to have held it "a sufficient return to a habeas corpus that the defendant is in custody under the sentence of a Court of competent jurisdiction to inquire of the offense, and to pass such a sentence, without setting forth the particular circumstances necessary to warrant such a sentence." (See also Commonwealth vs. Keeper of Debtor's Apartment, 1 Ashmead's Penn. Rep., 10 ; case of J. V. N. Yates, 4 John. Rep., 317 ; and Commonwealth vs. Lecky, 1 Watt's Rep., 68, referred to in Kent's Com., Vol. 1, p. 644; note c.)

From the general tenor of the authorities, both English and American, I am inclined to think that in a case like the present, of commitment after final judgment, even where the jurisdiction of the Court or magistrate is questioned, it is not usual for their Courts, in a proceeding upon habeas corpus, to inquire further than as to the jurisdiction of the offense, and the power to pass the particular sentence. In this case the jurisdiction of the justice is, to that extent, admitted. In the case of Johnson vs. United States (3 McLean's Rep., p. 89), an application was made for a rule to show cause why a writ of habeas corpus should not be issued to bring up the body of a party confined in the penitentiary, after sentence, for aiding and assisting in making counterfeit money. The indictment charged the offense to have been committed more than two years before the indictment was found, whereas the statute limited the prosecution of the offense to two years after its commission. The Court overruled the application, and said, "Where there is a want of jurisdiction apparent upon the record, the proceedings of a Court are not valid. But there is no want of jurisdiction in this case. The Court had jurisdiction of the offense, and if there was a bar under the statute, it should have been pleaded. No such plea was interposed, and the question is, whether the objection can be raised on a writ of habeas corpus. We suppose it cannot. By failing to set up the defense, the defendant waived it. And if this were not the legal effect of failing to set up the statute, it is clear that on the habeas corpus, the Court cannot look behind the sentence of the Court, where the jurisdiction is undoubted." (See also, Ex parte Gill, 7 East's Rep., p. 376.)

In re Kamaha *et als.*

But the power of every Court which tries and condemns a party for a criminal offense, consists of several ingredients. Such power, if complete, includes jurisdiction both of the particular subject matter and of the person of the party accused. In the case of a commitment, after judgment, by the Supreme Court, or by either of the Circuit Courts, I would presume jurisdiction over the person ; but I have doubts as to the propriety of extending that presumption to similar commitments, when made by the inferior Courts. It was sought to be argued that the magistrate had no jurisdiction in this particular case, because the offense was not committed within his district. But this objection is clearly unsound. The Police and District Justice of Lahaina has power to try a party accused of having committed an offense coming within his jurisdiction, in whatever district of the Kingdom the offense may have been committed, provided the party accused resides in the District of Lahaina, or for the time being is found there. (Civil Code, Secs. 893, 916.)

Counsel for petitioners offered to introduce oral testimony to show that the petitioners were not residents of the District of Lahaina, and that they were not arrested in that district, but on the Island of Molokai. The Court refused to hear such testimony, on the ground that it being apparent that the petitioners had been committed after final judgment, by a Court competent to try them for the offense of which they were accused, and it not being denied that they were produced before the magistrate at Lahaina, for trial, the Court, upon habeas corpus, should not go further. Upon reflection, I consider that ruling sound. If the petitioners were not residents of Lahaina, and were not found there when arrested, they might have raised that objection before the justice (unless they were arrested with a view to examination and commitment) and moved for their discharge, on the ground that the arrest was irregular, and if the justice had refused to discharge them, they could have excepted and appealed. But the petitioners appear to have waived that objection, and, in my opinion, they cannot raise it after conviction, upon a writ of habeas corpus.

It is said to have been declared by the Court, in the case of Commonwealth *vs.* Lecky, already referred to, (see Bacon's Ab.

Tit., Habeas Corpus, p. 571,) that no imprisonment under process is regarded as unlawful, on habeas corpus, when the process is a sufficient justification to the officer. I find a similar doctrine stated in several authorities. In this case there can be no question that the orders of commitment under which the petitioners are detained in prison, are an ample justification to the Marshal.

One objection of great weight has been urged against the discharge of the petitioners, on habeas corpus, because of any alleged irregularity in the proceedings in the Court below, which, if it existed, should have been availed of before judgment, or made the ground of an appeal, and that is, that if the petitioners should be discharged on this proceeding, they could not be again arrested and tried for the same offense. In my opinion that is sound law, and if the petitioners should be put on trial again, they might successfully plead their former conviction, for their discharge on habeas corpus would not vacate the judgment now standing against them. That judgment could only be vacated, if at all, by pursuing a different form of remedy from this.

The petitioners being imprisoned on execution, after final judgment, by order of a Court of competent jurisdiction, to try and punish for the offense of which they were convicted, the motion for their discharge on habeas corpus seems to me to have no foundation, if we are to be guided by the rules which govern the Courts of other countries; and it will no doubt be found expedient to conform our practice generally to theirs. But as the practice of our Courts, in relation to this subject, is not yet clearly defined, and as the transcript of the record of proceedings from the Court below has been put in for the purpose of showing the judgment, I have looked further at that transcript to see if any irregularity was apparent upon its face. Upon examination, I have discovered something which seems to have escaped the notice of counsel, and was not adverted to at the argument. It appears that the warrant for the arrest of the petitioners was issued by the magistrate upon the sworn information of J. C. Farwell, accusing them of the crimes of larceny, and receiving stolen property. When the prisoners were brought before the Court, Mr. Bond, the District Attor-

ney for Maui, who appeared to prosecute on behalf of the
Crown, charged them with larceny of cattle of the value of
eighty dollars, and also with receiving stolen goods. Now, as
the jurisdiction of the Police and District Justice of Lahaina is
co-extensive, for the purpose of examination and commitment
for alleged offenses, within the limits of the judicial circuit in
which he resides (Civil Code, Sec. 893), and therefore extends
to the Island of Molokai, it seems to me that in this case it was
his duty, upon application, to grant a warrant of arrest against
these parties, unless it appeared to him from the terms of the
sworn information, that the prisoners were only charged with a
crime or crimes coming within the jurisdiction of the District
Justice of Molokai to try, and to pass sentence for. If the peti-
tioners were charged with crimes of such magnitude that it ap-
peared probable they would have to be committed for trial be-
fore the Circuit Court, then it was the duty of the Police Jus-
tice of Lahaina to issue a warrant for their arrest in any part
of the second judicial circuit; and if, after examination, it
should appear that the offense of the prisoners came within his
jurisdiction to try, and to punish, it would be his duty to pro-
ceed to judgment in the case, and not to discharge them.

A discharge under these circumstances could not benefit the
parties accused, because they would be liable to be re-arrested,
instanter, for trial. The several Police Justices, in the exer-
cise of the power conferred upon them by statute, for the
arrest, examination, and commitment of parties charged with
crimes, must be allowed a reasonable discretion, and the ques-
tion whether or not sufficient ground was laid in the informa-
tion, in any case, to authorize the Justice to issue a warrant for
the arrest of the party accused, outside of the Justice's own
particular district, cannot certainly be inquired into upon a
writ of habeas corpus, after conviction and judgment passed,
although it might be on a commitment before trial ; but even in
that case the Court would not look beyond the sworn informa-
tion upon which the Magistrate had acted. When the peti-
tioners were arraigned before the Police Justice, they were
charged with larceny of cattle to the value of eighty dollars,
and also with receiving stolen goods, the value of which was
not specified. It was therefore uncertain at that time whether

In re Kamaha *et als.*

or not the petitioners would be proved to have received stolen goods to the value of twenty dollars, in which case the offense would have been beyond the Justice's jurisdiction to punish, and he would have had to commit the petitioners for trial before the Circuit Court. (Penal Code, chap. 53.) It is impossible that parties laying information of crimes, or that prosecuting offi-' cers should always be able to specify, precisely, the degree of crime with which the party should be charged, where that degree is measured by a pecuniary standard. It is not reasonable or necessary that they should be required to do so in a Court where no formal indictment is required. The assumption of jurisdiction by the Magistrate, for the purpose of issuing process, whether with a view to examination and commitment, or with a view to trial and sentence, must be regulated by his discretion, having due regard to the nature of the charge preferred before him by sworn information.

I have already stated that, in my opinion, the rules applicable to proceedings upon habeas corpus require me to dismiss the application for the discharge of the petitioners, and I may add that the proceedings below appear to me to have been entirely regular, so that this application seems to have no basis whatever. If any application should be made to me hereafter for a writ of habeas corpus, in a case like the present, I shall require a petition more formal and specific than the one presented in this case, and I shall adopt the practice which prevails elsewhere, of granting a rule to show cause, before allowing the writ to issue.

The motion is refused, with costs, and the prisoners remanded into the custody of the Marshal.

Mr. Harris for the prisoners.

Mr. Bates for the Crown.